UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL CRUZ SUASTEGUI,<br>Petitioner,<br>v.<br>ISMAEL CRUZ SUASTEGUI,<br>Respondent. | No. 1:26-cv-00115-DAD-EFB<br><br><u>ORDER</u><br>(Doc. Nos. 1, 2, 8, 16, 18) |

On January 8, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On February 13, 2026, the assigned magistrate judge appointed counsel on behalf of petitioner. (Doc. No. 6.) On February 26, 2026, petitioner filed a motion for limited discovery and motion to stay. (Doc. No. 8.) On March 9, 2026, petitioner filed an amended motion for temporary restraining order. (Doc. No. 10.) On March 9, 2026, the court granted petitioner's amended motion for temporary restraining order and ordered that petitioner be immediately released. (Doc. No. 12.) The court further enjoined petitioner's re-detention absent exigent circumstances, unless petitioner was provided written notice and a pre-detention hearing before an immigration judge. (*Id.*) On March 31, 2026, respondent filed a combined motion to dismiss and response to the *habeas* petition. (Doc. No. 16.) On April 7, 2026

petitioner filed an opposition to respondent's motion to dismiss. (Doc. No. 17.) On April 14, 2026, petitioner filed a motion to amend the *habeas* petition. (Doc. No. 18.) In this order the court will grant both petitioner's motion to amend his petition and the pending habeas petition, and deny the remaining motions.

In its motion to dismiss and response to the habeas petition, respondent first argues that the *habeas* petition is moot because petitioner was released pursuant to this court's temporary restraining order. (Doc. No. 16 at 2.) Respondent next argues that the petition should be dismissed because petitioner did not name his immediate custodian. (*Id.* at 3.) Finally, respondent argues that petitioner was lawfully detained pursuant to 8 U.S.C. § 1231(a)(6). (*Id.* at 3–4.)

As to respondent's first argument, that the petition is moot, this court has previously explained regarding a similar motion to dismiss, "the appropriate remedy here includes an injunction on the actions of those who may execute any future re-detention of petitioner." *Atal v. Sec'y of the U.S. Dep't of Homeland Sec.*, No. 1:26-cv-01945-DAD-SCR (HC), 2026 WL 1110268, at *1–2 (E.D. Cal. Apr. 24, 2026). "Because the Court is authorized to grant the additional relief Petitioner seeks, his release did not render this action moot." *Doe v. Semaia*, No. 5:26-cv-03092-MRA-MBK, 2026 WL 1896123, at *1 (C.D. Cal. June 30, 2026).

As to respondent's second argument, that petitioner failed to name his immediate custodian, petitioner's appointed counsel has moved to amend the petition to add the warden of the California City Detention Facility as a respondent. Leave to amend should be given freely, although a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay resolution of the action, or if the party acted in a dilatory fashion in seeking leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Respondent has not filed an opposition to petitioner's motion to amend, nor has it argued in its motion to dismiss, or any other briefing, that respondent will be prejudiced by amendment or that respondent has been prejudiced by petitioner neglecting to name his immediate custodian in his original *pro se* petition. Further, petitioner's *pro se* petition stated that he was detained at the California City Detention Facility. (Doc. No. 1 at 2.) Based on the

foregoing, the court will grant petitioner's motion to amend and will order that the Warden of the California City Detention Facility be added as a respondent in this habeas action. *See Melian S. v. U.S. Att'y Gen.*, No. 1:26-cv-04512-TLN-CKD, 2026 WL 1862745, at *2 (E.D. Cal. June 29, 2026) ("[U]nder such circumstances, 'the Court may, "on its own" and "on just terms, add . . . a party."'""); *see also Rivero-Perez v. Warden of California City Det. Ctr.*, No. 1:26-cv-2587 DAD AC, 2026 WL 1470738, at *1 (E.D. Cal. May 26, 2026) ("Here, although petitioner fails to name his immediate custodian, the petition clearly identifies the location of his detention."); *Guatam v. Corr. Corp of Am.*, No. 3:25-cv-3600-JES-DEB, 2026 WL 25846, at *2 (S.D. Cal. Jan. 5, 2026) ("[I]n light of Petitioner's pro se status and the liberty interests at issue, the Court . . . will address the petition on the merits rather than dismiss the petition.").

The court is unpersuaded by respondent's third argument that petitioner was lawfully detained pursuant to § 1231(a)(6). Respondent confirms the court's previous inference that petitioner is subject to a reinstated removal order. (Doc. Nos. 12; 16 at 3.) Respondent does not state when petitioner's removal order was re-instated but does provide documentation that petitioner was placed in "withholding-only" proceedings on July 3, 2025. (Doc. No. 16 at 6.) This court has previously explained that "withholding-only" proceedings do not affect the finality of a removal order. *See Reis v. Warden*, No. 1:26-cv-01899-DAD-CSK (HC), 2026 WL 1816127, at *3 (E.D. Cal. June 24, 2026) ("Because petitioner was only placed in withholding-only proceedings, the administrative removal order became final when DHS issued it on November 3, 2025 and petitioner has been held in post-removal detention since that date."). In light of the foregoing, the court infers that petitioner's removal order was re-instated sometime before he was placed in withholding-only proceedings, which occurred on July 3, 2025, and, therefore, petitioner has been subject to a re-instated removal order for at least fourteen months now.[1] The court further incorporates and adopts the reasoning in the court's order on petitioner's motion for temporary restraining order and will grant the petition. (Doc. No. 12.)

---

[1] Indeed, in his amended motion for temporary restraining order filed by counsel, petitioner states that he was detained by ICE in 2014 and released with regular check ins until he was re-detained on June 1, 2025. (Doc. No. 10 at 4.)

For the reasons explained above,

1. Petitioner's motion to amend the *habeas* petition (Doc. No. 18) is GRANTED;
2. The Clerk of the Court is directed to add the Warden of the California City Detention Facility as a respondent in this case;
3. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;
4. Respondent's motion to dismiss (Doc. No. 16) is DENIED;
5. Petitioner's original motion for temporary restraining order (Doc. No. 2) and motion for limited discovery and motion to stay (Doc. No. 8) are DENIED as having been rendered moot by the court's March 9, 2026 order granting petitioner's amended motion for a temporary restraining order and this order granting his habeas petition on the merits; and
6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 20, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE